**In re N–REN CORPORATION, Debtor.**

**MAPCO FERTILIZER, Movant,**

**v.**

**N–REN CORPORATION, Debtor.**

**Bankruptcy No. 1–86–00144.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 12, 1987.

See also, Bkrtcy., 68 B.R. 404.

Robert Goering, Cincinnati, Ohio, for movant.

Jeffrey Marks, Cincinnati, Ohio, for debtor.

DECISION and ORDER ON MOTIONS TO ASSUME OR REJECT (1) MANAGEMENT AGREEMENT and (2) SERVICE AND SUPPLY AGREEMENT

BURTON PERLMAN, Bankruptcy Judge.

This bankruptcy case was filed January 15, 1986. Early in the case, on February 13, 1986, Mapco Fertilizer, Inc., movant herein, and the debtor, entered into a tolling agreement which was the subject of an order of approval in this court of the stated date. The subject tolling agreement represented an adaptation to bankruptcy circumstances of contractual relationships entered into between these parties in 1977, pursu-

ant to which they undertook a joint venture in East Dubuque, Illinois, for the production of nitrogen products for use in the fertilizer industry. The various agreements and specifics of the relationship have been set forth in two prior decisions in this court, the first being Document No. 7 in Adversary No. 1–86–0203 in this court, entered September 10, 1986, 64 B.R. 773, and the second being Decision and Order in Adversary No. 1–86–0156, Document No. 29 in that adversary file, entered October 23, 1986, 66 B.R. 84, in this court. We will not here again burden the record with a recitation of the background.

Adversary No. 1–86–0156 was filed here July 8, 1986. A temporary restraining order was sought in that case to restrain debtor, manager of the joint venture plant, from incurring expenses for a turn-around at the plant. The parties resolved the temporary restraining order proceeding without intervention of the court. Movant then, on August 11, 1986, filed the first motion to require debtor to accept or reject with which we here deal. On August 29, 1986, movant filed suit in Illinois, the purpose of that litigation being to terminate the joint venture operation. By judgment dated September 10, 1986, we restrained the continuation of the proceeding in the Illinois court, and in the decision associated with that judgment we expressly suggested to movant that it could seek redress in this court by supplementing or modifying the pleadings in its pending adversary proceeding, No. 1–86–0156. Movant did not file an amended complaint in that adversary proceeding until November 28, 1986. (The filing of that amended complaint was authorized by our order of December 19, 1986.) On September 5, 1986, movant filed the second motion here involved, in which it seeks that the court set a time for the assumption or rejection of the service and supply agreement regarding the East Dubuque joint venture operation. Movant then, on September 16, 1986, followed up the last mentioned motion with another motion which had three parts. Hearing was held thereon and the second decision referred to above was rendered. On Novem-

ber 28, 1986, the same date when it finally filed its amended complaint in No. 1–86–0156, movant initiated another contested matter here by filing a motion to lift the automatic stay.

The foregoing are not all the filings that have been made in this case with respect to the controversies between movant and debtor, but we have reviewed the history to the extent that we have because we think it bears on the decision which we here reach. It is true, as observed by movant, that there have been representations by debtor in the fall of 1986 and later, that it expected to have a sale in hand which could be the subject of a reorganization plan and, in view of these representations, we simply held the present motions in abeyance. The expectations of debtor have not, however, come to pass, and so it is necessary that we deal with the motions filed by movant in which a time for assumption or rejection of the management and service and supply contracts is sought.

In support of its motion regarding the management contract, movant offered evidence about problems in the plant, problems with the rotor which caused a shutdown some time ago, and questions about insurance coverage. There was evidence about the departure of management people from the plant. It was movant's argument that it needs a stable supply of UAN solutions for its retail outlets. It says that it is this factor which leads it to request an order setting a time for assumption or rejection in advance of confirmation. In regard to its second motion, that to assume or reject the service and supply agreement, movant says that that motion rests upon the same evidence as that relating to assumption or rejection of the management agreement. Movant further says that resolution of the assumption or rejection contentions will moot much of the litigation in the suit. Debtor, on the other hand, contends that there was no assertion that the contractual agreements between the parties are not being performed and, therefore, no reason has been shown why as-

sumption or rejection must be accomplished prior to confirmation.

 Here we do not have the usual case where motions to assume or reject arise. In the usual case, the debtor is in default under a lease or an executory contract. In such cases, there is a real detriment to the moving party in that he is being deprived of the use of his property, or benefit from his property, without any payment. The usual rule in such cases is that the court will allow a reasonable time for the debtor to assume or reject the lease or contract. *In re Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375 (7th Cir. 1983); *Theater Holding Company v. Mauro*, 681 F.2d 102, 105 (2nd Cir.1982); *In re Wheeling-Pittsburgh Steel Corp.*, 54 B.R. 385 (Bankr.W.D.Pa.1985). Here, there is not the same kind of disadvantage to the movant, but rather a purported lack of certainty about supplies of fertilizer products for its retail outlets in the future. There are disputes regarding the performance by debtor under the respective contracts. We know about this because they are the subject of litigation in Adversary No. 1–86–0156, but any failure to perform is clearly disputed. Further, it is a matter of record in the several hearings involving these two parties that they are engaged in a seasonal business, and there is not much market for their fertilizer product until the spring of the year. Considerations of dependability of supply, therefore, cannot yet be acute. That there are really problems about supply also seems questionable in view of the evidence in the record that there are many sources, foreign and domestic, for the kinds of products with which the parties are dealing. Further, it has to be recognized from the many initiatives that movant has undertaken in this court, that assumption or rejection is not really its goal. What it is really after is a termination of its relationship with the debtor. This is the subject of the adversary proceeding to which we have heretofore referred, and the resolution of movant's contentions in favor of termination should be aired in that proceeding.

In short, movant has shown no reason why a date should be set within which debtor must assume or reject the executory contracts here in question, and we decline to set such a date.

So Ordered.